IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DAVID MEYERS,  )  <br>    Plaintiff,  ) <br> ) <br> v.  ) <br> ) <br> KYLE ROSCH, *et al.*,  ) <br>    Defendants.  ) | Civil Action No. 7:23-cv-00301 <br><br> By: Elizabeth K. Dillon <br> United States District Judge |

**MEMORANDUM OPINION**

This matter is before the court for a review of plaintiff David Meyers's complaint. For the reasons set forth below, this case will be dismissed without prejudice and struck from the court's active docket.[1]

By order entered September 6, 2019, Senior United States District Judge Norman Moon of this court entered a pre-filing injunction against Meyers. *Meyers v. Roanoke U.S. Att'y*, No. 7:19-cv-00573, Dkt. No. 10 (Sept. 6, 2019 Order and Injunction) (the "injunction order"). The injunction order contained requirements for Meyers's submissions to this court and explained

---

[1] No judges of this court are named as defendants in the caption of Meyers's complaint. (Compl. 1, Dkt. No. 1.) Nonetheless, Meyers's complaint refers to a judge of this court as a "white supremacist white racist" and accuses many other judges of the court, including the undersigned, as having directed the entry of the prefiling injunction order based on Meyers's accusations of racism against them. He has not asked for recusal of the undersigned, but the court has considered whether it should recuse itself and concludes that recusal would be inappropriate. Meyers cannot obtain the recusal of judges merely by naming them as defendants or accusing them of misconduct. *See United States v. Watford*, 692 F. App'x 108, 110 n. 1 (4th Cir. 2018) (affirming denial of recusal motion despite fact that party seeking recusal had sued judge, and explaining that a "per se rule of disqualification would allow litigants to judge shop by filing a suit against the presiding judge") (citing *In re Taylor*, 417 F.3d 649, 652 (7th Cir. 2005)); *United States v. Farkas*, 669 F. App'x 122, 123 (4th Cir. 2016) (explaining that a party seeking recusal must set forth "sufficiently definite and particular" facts "to convince a reasonable person that bias exists") (quotation omitted).

Furthermore, although Meyers alleges that the undersigned "directed" another judge to enter the prefiling injunction order, that is not true, and Meyers offers no evidence to support this bald accusation. To the extent Meyers is upset about the undersigned's judicial rulings, that does not warrant recusal, either. To disqualify a judge from continuing to preside, the "bias or prejudice must, as a general matter, stem from 'a source outside the judicial proceeding at hand.'" *Belue v. Leventhal*, 640 F.3d 567, 572 (4th Cir. 2011) (quoting *Liteky v. United States*, 510 U.S. 540, 545 (1994)). "[J]udicial rulings and 'opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings' almost 'never constitute a valid basis for a bias or partiality motion,'" *id.* at 573 (quoting *Liteky*, 510 U.S. at 555), "'unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible,'" *United States v. Lentz*, 524 F.3d 501, 530 (4th Cir. 2008) (quoting *Liteky*, 510 U.S. at 555). The undersigned has no personal bias or prejudice against Meyers and has no personal knowledge of him outside of the cases he has filed in this court. For all of these reasons, recusal is not warranted here.

what steps would be taken as to various types of documents filed by him. With regard to new complaints or petitions, the order warned that any new complaint that did not comply with the requirements stated in the order would be "dismissed immediately, without further warning, as violating this order." (*Id.* ¶ 5.)

As a preliminary matter, Meyers's assertion that the injunction order should be vacated is without merit. As the court has noted in prior orders dismissing others of Meyers's cases, Meyers had the opportunity to appeal from the entry of the injunction order, and he did so, but his appeal was dismissed for failure to prosecute, and his later attempts to reopen that appeal were unsuccessful. *See Meyers*, No. 7:19-cv-00573, Dkt. Nos. 12, 21–23 (W.D. Va.). The injunction order, at this point, is valid and enforceable and has not been set aside by the Fourth Circuit. Meyers may appeal from the dismissal of this action, but unless and until the injunction order is found to be invalid, this court will continue to enforce it.

Meyers's latest complaint fails to satisfy at least one of the injunction order's provisions. Specifically, it violates paragraph 3(c), which requires that he comply with the Federal Rules of Civil Procedure that govern the joinder of multiple parties and claims.[2] His complaint contains allegations against the undersigned and other judges of this court and includes claims that arose out of different incidents and at different times. Many of the allegations previously have been raised in other lawsuits, and many did not occur within the jurisdiction of this court. Others are time-barred.

By way of example, Meyers alleges that he was "kidnapped" from his Virginia prison and taken to a North Carolina prison and that several of the officers who kidnapped him also assaulted him by hitting him "41 times on [his] head with firearms." (Compl. 2–3.) He further

---

[2] The complaint also likely violates paragraph 2(c) of the injunction order, which prohibits him from filing any document that contains "irrelevant scandalous, vulgar, obscene, threatening, or vituperative language or allegations," in that it accuses the undersigned and other judges of this court—without any evidence whatsoever—of being racist because they dismissed his lawsuit or entered the injunction order.

alleges that, once he arrived in North Carolina, "a vigilante committee of all white supremacist prison guards tortured him" and specific officers sodomized him with batons, all of which he claims occurred on June 17, 2021. (*Id.*)

Meyers has raised these (or similar) allegations before, about events on the same date. He previously specifically alleged that the beating in the course of being transferred occurred in Nottoway County, which is within the geographical boundaries of the United States District Court for the Eastern District of Virginia. The court advised him in that case that claims arising from that incident must be brought in that court. *See Meyers v. United States*, No. 7:21-cv-313, 2021 WL 3829884, at *2 (W.D. Va. July 19, 2021). Similarly, Meyers was advised that any events that occurred at Central Prison in Raleigh, North Carolina, should be filed in the United States District Court for the Eastern District of North Carolina. (*Id.*)

In his second claim, Meyers accuses the two named defendants of paying the North Carolina facilities "to execute a murder for hire assassination" of him and also "to illegally steal, seize, and rob" him of all of his active court case files and legal materials. (Compl. 3.) Again, his fanciful allegations regarding a far-reaching murder plot are akin to allegations Meyers has made in other cases, and at least some of them have been found to be meritless. *See, e.g.*, *Meyers v. Hall*, No. 7:19-cv-250-L, 2020 WL 1482561 (W.D. Va. Mar. 27, 2020) (adopting report and recommendation of magistrate judge, prepared after a two-day evidentiary hearing, and finding that Meyers was not under imminent danger of serious physical injury at the time he filed a number of different complaints, despite his allegations of a conspiracy to murder him). Furthermore, the deprivation of his legal materials again is alleged to have occurred in North Carolina, and it must be brought in court there, not in this court.

His third claim refers to events that allegedly occurred at Red Onion State Prison and Wallens Ridge State Prison between February 8, 2017, and December 16, 2019, which resulted

in "27 head injuries." Claims based on these events are time-barred and subject to dismissal for that reason alone. They also must be brought against different defendants than some of his other claims and are otherwise misjoined.

His fourth claim references a failure to place him in protective custody at some unspecified time while he was housed in Virginia, but the primary point of that claim is that he is receiving "thousands of death threats" from other North Carolina inmates, who want to "murder [him] on sight." (Compl. 5.) Again, claims arising from events at Central Prison in North Carolina should be filed in the Eastern District of North Carolina.

His fifth claim accuses numerous officials of forging his signature on court forms agreeing that the court could collect fees from him. He also asserts that numerous North Carolina prison employees are doing the same thing in an effort to extort and blackmail judges and court officials, as well as state and federal officials. (Compl. 6–7.) This claim is one he has raised in prior cases, as well. *See, e.g.*, *Meyers v. United States of America*, No. 7:21-cv-00276 (W.D. Va. May 21, 2021) (opinion dismissing without prejudice same claims); *Meyers v. United States*, No. 7:21-cv-313 (W.D. Va. May 21, 2021) (same). This claim also is clearly misjoined with at least one of his other claims, in that it would be against different defendants and does not arise from the same transaction, occurrence, or series of transactions as his other claims.

Because Meyers's complaint violates the injunction order and because many of his claims are either subject to dismissal or must be brought in other courts regardless, his complaint will be dismissed. An appropriate order will be entered.

Entered: May 30, 2023.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge